NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIRGILIA DEL CARMEN RAMOS DE ESPINOZA; AKA Carmen Carmen Espinoza, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-71353 <br><br> Agency No. A087-748-937 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Virgilia del Carmen Ramos de Espinoza, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

her appeal from an immigration judge's decision denying her application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's conclusion that, even if credible, Ramos de Espinoza failed to demonstrate that the incidents she experienced in El Salvador rose to the level of persecution. *See Gu v. Gonzalez*, 454 F.3d 1014, 1020-21 (9th Cir. 2006); *Wakkary*, 558 F.3d at 1060 (petitioner failed to demonstrate harm to associates was part of "a pattern of persecution closely tied to" petitioner) (internal quotation and citation omitted). Substantial evidence also supports the agency's determination that Ramos de Espinoza failed to establish a well-founded fear of future persecution on account of her political opinion. *See Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009) (petitioner "failed to make a compelling showing of the requisite objective component of a well-founded fear of persecution."). Thus, her asylum claim fails.

Because Ramos de Espinoza failed to establish eligibility for asylum, her withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

14-71353

Finally, Ramos de Espinoza does not make any substantive arguments challenging the agency's denial of her CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION FOR REVIEW DENIED.**